IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY P. PURDY, | 8:21CV134 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| COMMUNITY CORRECTION, et al., | |
| Defendants. | |

Plaintiff, a prisoner at the Tecumseh State Correctional Institution ("TSCI"), filed his Complaint on March 26, 2021, and subsequently was granted leave to proceed in forma pauperis without payment of a partial initial filing fee. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough

factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he is not permitted to take a certain medication for relief of pain, anxiety, and breathing difficulties associated with his diabetes. Plaintiff also complains about the risk of Covid-19 infection because of inadequate quarantine measures.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012)

("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983.").

Plaintiff does not identity Defendants whom he designates as "Community Correction" and "Correctional Care Association." Without proper identification of these parties, and allegations of fact showing they are persons acting under color of state law, this action cannot proceed against them.

TSCI (or, as designated in Plaintiff's Complaint, Tecumseh State Prison facility) is a correctional institution which is operated by the Nebraska Department of Correctional Services ("NDCS"), a state agency. The Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Also, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in section 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under section 1983). Plaintiff's claims alleged against the State of Nebraska, TSCI, and NDCS cannot proceed to service of process.

Individuals named as Defendants include Director Frakes Scott (sic), Warden Todd Wasner (sic), Deputy Busboom, Major Krushonk, Captain Sherman, Athena Sherman, Unit Manager Tallant, Case Worker Parker, Sara Allen, Dr. Kasselman, and Dr. Damm.[1] Because Plaintiff does not specify that these persons are sued in their individual capacities, it must be presumed they are sued only in their official capacities, and, if state employees, are immune from suit for damages in federal court under § 1983. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

---

[1] Plaintiff also wants to sue other "known and unknown" Defendants. The Director of NDCS is Scott Frakes. The Warden of TSCI is Todd Wasmer.

Even if Plaintiff had specified that he was suing these eleven Defendants in their individual capacities, no actionable claim for damages would be stated because he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. That is to say, Plaintiff must explain how *each* defendant *personally* participated in the alleged constitutional violation. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see Novascone v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV201, 2019 WL 6307565, at *3 (D. Neb. Nov. 25, 2019) ("[T]o the extent Plaintiff seeks relief against Dr. Chamberlain and [Director] Frakes based on their supervisory positions over NDCS medical services or NDCS as a whole, Plaintiff has failed to state a claim upon which relief may be granted. Because the Complaint fails to allege Dr. Chamberlain's and Frakes' personal involvement in any constitutional violation and merely names them as Defendants, Plaintiff's claims against them are dismissed for failure to state a claim."); *McGrone v. Boyd*, No. 8:18CV233, 2019 WL 2583841, at *4 (D. Neb. June 24, 2019) ("Plaintiff does not allege that [the warden] was personally involved in the provision of any medical treatment to Plaintiff nor does he allege facts suggesting that [the warden] failed to correct any known deficiencies in Plaintiff's medical treatment.").

Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002). "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)). "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Id.* (citing *L.A. Cnty. v. Humphries,* 562 U.S. 29, 36-3 (2010); *Hafer,* 502 U.S. at 25); *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (the proper state defendant in a § 1983 action that

seeks prospective injunctive relief is the person who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims") (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (prison warden was proper defendant for a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged conduct, because he would be responsible for ensuring that the injunctive relief was carried out)).

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "had actual knowledge of that need but deliberately disregarded it." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d, at 594). While inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). In other words, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Id.*, at 921-22 (quoting *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)).

Plaintiff alleges he has taken gabapentin (an anti-epileptic drug) for years but has been denied this medication at TSCI, even though it is not an illicit substance. He characterizes the decision to deny him this drug as a disciplinary action, but he provides no supporting factual allegations. Plaintiff's allegations fail to show that prison officials have been deliberately indifferent to his serious medical needs, as opposed to denying Plaintiff's request for a specific medication.

5

With respect to the alleged risk of Covid-19 infection, Plaintiff does not allege that he suffered any actual injury. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Id.* "As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 (1975)). Also, to recover compensatory or punitive damages under the Prison Litigation Reform Act, a prisoner must allege or prove more than mental or emotional injury. *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018); *see* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). *See, generally, Anderson v. Nebraska Dep't of Corr.*, No. 8:21CV34, 2021 WL 2077662, at *3 (D. Neb. May 21, 2021) (allegations that prison inmates were at risk for contracting Covid-19 failed to state a claim upon which relief may granted).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set this pro se case management deadline: **August 2, 2021**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 2nd day of July 2021.

                                       BY THE COURT:

                                       *Richard G. Kopf*

                                       Richard G. Kopf
                                       Senior United States District Judge