IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. PURDY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION, et al.,<br><br>Defendants. | 8:21CV134<br><br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Plaintiff's second motion for reconsideration from the court's August 9, 2021 Memorandum and Order (Filing 14) and Judgment (Filing 15), which dismissed this case without prejudice for failure to prosecute and failure to comply with the court's July 2, 2021 Memorandum and Order (Filing 13), which directed Plaintiff to file an amended complaint within 30 days and advised him that otherwise the matter would be dismissed without further notice.

    Plaintiff's first motion for reconsideration (Filing 16) was received by the court on August 20, 2021, and was denied in a Memorandum and Order (Filing 17) entered on September 7, 2021. Treating the motion for reconsideration either as a motion to alter or amend judgment under Rule 59(e), or as a motion for relief from judgment under Rule 60(b), the court found no basis for granting relief. Particular attention was given to Rule 60(b)(1), which authorizes granting relief for "mistake, inadvertence, surprise, or excusable neglect." The court noted that Plaintiff could not have been surprised by the judgment, and that he had not offered any explanation for his failure to request an extension of time before the judgment was entered. The court also noted there were no "extraordinary circumstances" which might warrant relief under Rule 60(b)(6).

    Plaintiff's second motion for reconsideration (Filing 21) was received by the court on October 14, 2021. The motion is dated October 6, 2021, and the mailing envelope is postmarked October 12, 2021. Even assuming that the motion was placed in the prison mailbox system on October 6, 2021, it cannot be considered as

a motion to alter or amend judgment under Rule 59(e), which has a 28-day time limit. However, a Rule 60(b)(1) "excusable neglect" motion may be filed within one year after entry of judgment, and a Rule 60(b)(6) "catchall" motion may be filed within "a reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

Plaintiff claims the reason his request for extension of time (Filing 19) was not received by the court until September 13, 2021, is that the prison mailroom did not post it until September 10, 2021, even though Plaintiff prepared the motion on July 28, 2021, and deposited it in the prison mailbox system within 2-3 days thereafter, when he obtained an envelope. Plaintiff's signature on the motion was, in fact, notarized on July 28, 2021. Plaintiff states he did not discover the motion had not been sent out until after he received the court's September 7, 2021 Memorandum and Order, denying his first request for reconsideration.

Giving Plaintiff the benefit of the doubt, the court will vacate the dismissal and, on its own motion, will give Plaintiff 60 days in which to file an amended complaint. Plaintiff is advised that the court is unlikely to grant further extensions of time. As previously stated, this is not a complicated case, and the court's July 2, 2021 Memorandum and Order explained in detail what *facts* Plaintiff must allege in order to state a claim upon which relief may be granted. No extensive legal research should be necessary.

IT IS THEREFORE ORDERED:

1. Plaintiff's second motion for reconsideration (Filing 21) is granted.
2. The Memorandum and Order (Filing 14) and Judgment (Filing 15) entered by the court on August 9, 2021, are set aside and vacated.
3. Plaintiff shall have 60 days to file an amended complaint in accordance with the court's July 2, 2021 Memorandum and Order (Filing 13). Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.
4. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.
6. The Clerk of the Court is directed to set this pro se case management deadline: **December 17, 2021**—amended complaint due.
7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 18th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge