IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. PURDY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION, et al.,<br><br>Defendants. | 8:21CV134<br><br><br>**MEMORANDUM<br>AND ORDER** |

On October 18, 2021, the court entered a Memorandum and Order (Filing 22) which, based on a finding of "excusable neglect," set aside a judgment of dismissal that had been entered on August 9, 2021, and gave Plaintiff 60 days to file an amended complaint in accordance with the court's July 2, 2021 Memorandum and Order (Filing 13), in which it was determined that Plaintiff's Complaint (Filing 1) fails to state a claim upon which relief may be granted. On November 15, 2021, Plaintiff filed two handwritten documents which are both designated "Brief Amended," but which the Clerk of Court has docketed as an "Amended Complaint" (Filing 23) and an inexact copy thereof (Filing 23-1). Filing 23 is 68 pages long, while Filing 23-1 is 55 pages long. Much of the handwriting is illegible.

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule

> of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Amended Complaint does not contain a "short and plain statement" of his claims or even a "demand for the relief sought." Nor is it "simple, concise, and direct." Instead, the pleading or "brief" consists of a single paragraph which rambles on for 36 pages, followed by 32 pages of exhibits, many of which have scribbled notations. In sum, Plaintiff's Amended Complaint is largely unintelligible and incomprehensible, and is therefore subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A. *See Batchelder v. I.N.S.*, 180 F. App'x 614, 615 (8th Cir. 2006) (dismissing pro se complaint without prejudice for plaintiff's failure to provide fair notice of claim and grounds upon which it rests).

However, the court will allow Plaintiff to file a Second Amended Complaint using a standard form "Complaint for Violation of Civil Rights (Prisoner)." This form is designed for actions brought under 42 U.S.C. § 1983, but may also be used to assert a claim under Title II of the American With Disabilities Act (ADA) or the Rehabilitation Act (RA), if so stated. (Plaintiff's Amended Complaint references

each of these statutes and also ADA regulations.) The court cautions Plaintiff to follow the form's instructions carefully.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file a Second Amended Complaint in accordance with this Memorandum and Order. Failure to file a Second Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files a Second Amended Complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a Second Amended Complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event Plaintiff files a Second Amended Complaint.

4. The Clerk of Court is directed to send Plaintiff a standard form "Complaint for Violation of Civil Rights (Prisoner)" along with a copy of this Memorandum and Order.

5. The Clerk of Court is further directed to set a pro se case management deadline using the following text: **January 3, 2022**—Second Amended Complaint due.

6. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 2nd day of December 2021.

                                                BY THE COURT:

                                                *Richard G. Kopf*

                                                Richard G. Kopf
                                                Senior United States District Judge