IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. PURDY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION, et al.,<br><br>Defendants. | 8:21CV134<br><br>**MEMORANDUM<br>AND ORDER** |

On December 2, 2021, the court entered a Memorandum and Order on initial review of Plaintiff's Amended Complaint (Filing 25). The court found the lengthy handwritten Amended Complaint did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and it directed Plaintiff to file a Second Amended Complaint within 30 days, using a standard form provided by the court.

On January 5, 2022, the court received a 6-page motion (Filing 27), which is dated December 14, 2021, but not mailed from Plaintiff's institution until January 3, 2022. Plaintiff requests an extension of time and legal assistance in preparing a Second Amended Complaint. The court will grant a 30-day extension, but will otherwise deny Plaintiff's requests.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Pignotti*, 859 Fed. App'x 3, 2021 WL 2285235, at *1 (8th Cir. June 4, 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

Upon consideration of these factors, the court concludes that appointment of counsel is not indicated at this time. There is no indication that the case is factually or legally complex, or that Plaintiff, if he makes an effort, will not be able to present

his claims in an understandable manner. As the court explained in its previous Memorandum and Order, Plaintiff only needs to make a "short and plain" statement of his claims for the court to determine whether the case may proceed to service of process. The form provided by the court contains further instructions, and by filling out the form and attaching only such additional pages as may be necessary, Plaintiff should be able to state his case in a concise manner.

Plaintiff is requesting appointment of counsel as an accommodation under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, but federal courts are not "public entities" subject to the public services provisions of Title II of the ADA. *See Clay v. Wall*, No. CV 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (citing cases). Additionally, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." *Id.* (quoting *In re Sheridan*, 362 F.3d 96 (1st Cir. 2004)). Moreover, even at the state level, "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Douris v. New Jersey*, 500 F. App'x 98, 101 (3d Cir. 2012).

Accordingly,

IT IS ORDERED that Plaintiff's motion for miscellaneous relief (Filing 27) is granted in part and denied in part, as follows:

1. Plaintiff is granted a 30-day extension of time, until February 2, 2022, to file a Second Amended Complaint in accordance with the Memorandum and Order entered on December 2, 2021 (Filing 25). Failure to file a Second Amended Complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In all other respects, Plaintiff's motion is denied without prejudice.

Dated this 6th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge