IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. PURDY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY CORRECTION, et al.,<br><br>Defendants. | 8:21CV134<br><br><br>**MEMORANDUM<br>AND ORDER** |

On February 11, 2022, the court entered a final judgment dismissing this case without prejudice after Plaintiff failed to file a second amended complaint by the court-ordered deadline of February 2, 2022. (See Filings 29, 30.)

On March 14, 2022, the court received and docketed Plaintiff's motion for reconsideration of the dismissal (Filing 33). The motion is dated March 9, 2022, and the mailing enveloped is postmarked March 10, 2022.

Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis*

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The motion is timely under either rule when Plaintiff is given the benefit of the "prison mailbox rule." *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline.").

*Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Plaintiff states, "The problem seems to be that the courts can't read my handwriting, which is the only problem." (Filing 33 at 1.) While it is true that the much of the handwriting in Plaintiff's amended complaint is unreadable, the reason the case was dismissed is that Plaintiff did not file a second amended complaint or request another extension of time prior to the filing deadline.

To briefly review the case history, Plaintiff's original complaint (Filing 1) was filed on March 26, 2021. The court's initial review of the complaint was delayed because Plaintiff did not pay an initial partial filing fee, but after that issue was resolved the court entered a memorandum and order, on July 2, 2021, holding that the complaint was subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and

1915A, but giving Plaintiff 30 days to amend. (See Filing 13.) Plaintiff's handwritten complaint was legible, and the court understood Plaintiff to be claiming he was being denied adequate medical care because he was not permitted to take gabapentin for relief of symptoms associated with his diabetes, and was also claiming there was a risk of Covid-19 infection because of inadequate quarantine measures at the prison. However, the complaint failed to state a claim upon which relief could be granted, for several reasons which were explained in detail in the court's opinion.

When Plaintiff did not file an amended complaint within 30 days, the case was dismissed without prejudice on August 9, 2021. (See Filings 14, 15.) Plaintiff filed a motion reconsideration (Filing 16), which was denied on September 7, 2021, for Plaintiff's failure to make a satisfactory showing of excusable neglect. (See Filing 17.) Plaintiff subsequently filed a second motion for reconsideration (Filing 21), which the court granted on October 18, 2021. (See Filing 22.) Plaintiff claimed he had prepared a motion for extension of time on July 28, 2021, and placed it in the prison mail system 2 or 3 days later, but the prison mailroom did not post it until September 10, 2021. Giving Plaintiff the benefit of the doubt, the court reopened the case and gave Plaintiff 60 additional days to file an amended complaint.

Plaintiff's 68-page handwritten amended complaint (Filings 23) and 55-page inexact copy (Filing 23-1) were received by the court on November 15, 2021. The amended complaint consisted of a 36-page rambling narrative, set out in a single paragraph of run-on sentences, plus 32 pages of exhibits with scribbled notations. Much of the handwriting was illegible. Because the amended complaint failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and was largely unintelligible and incomprehensible, the court on December 2, 2021, directed Plaintiff to file a second amended complaint within 30 days, and it provided Plaintiff with a standard form complaint for use in a case involving claims brought under 42 U.S.C. § 1983, Title II of the ADA, or the Rehabilitation Act. (See Filing 25.)

On January 5, 2022, the court received a motion from Plaintiff (Filing 27) requesting additional time to file a second amended complaint and also appointment of counsel. The granted a 30-day extension, but denied appointment of counsel. The court stressed that Plaintiff only needed to make a "short and plain" statement of his claims for the court to determine whether the case may proceed to service of process, and instructed Plaintiff to follow the instructions on the standard form complaint that

was previously provided. The court also warned that the case would be dismissed if a second amended complaint was not filed by February 2, 2022. (See Filing 28.)

In the pending motion for reconsideration, Plaintiff essentially repleads his case without offering a good reason for missing the latest filing deadline. In sum, Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact, or excusable neglect, nor has he presented any "extraordinary circumstances" justifying relief. Because Plaintiff has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b), his motion will be denied.[2]

Although Plaintiff has not shown he is entitled to have this case re-opened for a second time, he is not precluded from filing a new case if he so chooses. The filing of a new action will obligate Plaintiff to pay a second filing fee even if he is allowed to proceed in forma pauperis, *see* 28 U.S.C. § 1915, but this factor alone does not provide cause for setting aside the judgment.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 33) is denied in all respects.

Dated this 16th day of March 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[2] Plaintiff is notified that the filing of a notice of appeal will make him liable for payment of the full $505.00 appellate filing fee regardless of the outcome of the appeal. This is because the Prison Litigation Reform Act requires an incarcerated civil appellant to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the court, even if he or she is proceeding in forma pauperis. 28 U.S.C. § 1915(b). By filing a notice of appeal, Plaintiff will be consenting to the deduction of the $505.00 filing fee from his prison account by prison officials.